J-S44035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB JOHN SARNICKY | : | |
| | : | |
| Appellant | : | No. 924 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 5, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000968-2023

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                           **FILED MARCH 25, 2025**

Jacob John Sarnicky ("Sarnicky") appeals from the judgment of sentence imposed following his convictions for driving under the influence ("DUI")-general impairment, DUI-highest rate of alcohol, and disorderly conduct.[1]  We affirm on the basis of the trial court's opinion.

The trial court's Pa.R.A.P. 1925(a) opinion accurately summarized the factual and procedural history of the case.  **See** Trial Court Opinion, 5/13/24, at 1-6 (unpaginated).  Therefore, a detailed recitation of the underlying factual and procedural history is unnecessary.  We briefly note that on August 19, 2022, at around 11:00 p.m., patrons at a bar heard a vehicle enter the parking lot, making a loud noise, described as metal or plastic grinding across the ground, consistent with an automobile dragging metal or plastic.  **See** N.T.

_____

[1] **See** 75 Pa.C.S.A. §§ 3802(a)(1), (c); 18 Pa.C.S.A. § 5503(a)(2).

(Jury Trial, Volume II), 1/25/24, at 58. Sarnicky entered the bar seconds after the disturbance, clearly inebriated. *See id*. at 59. Sarnicky attempted to purchase alcohol, but the bartender denied him service and took his keys due to his intoxicated state. *See id*. at 59-60. The bartender and other patrons called the police because of his violent and threatening behavior, and a Pennsylvania State trooper arrived to arrest him. *See id*. at 63-64, 75-77. The state trooper observed damage to Sarnicky's vehicle — on the front passenger side door and wheel well, where it appeared that he sideswiped something low to the ground. *See id*. at 90. Following his arrest, a police lab technician drew blood from Sarnicky and determined that his blood alcohol level was 0.215%. *See id*. at 107.

The Commonwealth charged Sarnicky with the above offenses, and this matter proceeded to a jury trial. A jury heard testimony from four witnesses, including the bartender, the state trooper, and the technician who processed Sarnicky's blood sample. Sarnicky also testified on his own behalf, that he only drank several shots of ninety-nine proof alcohol in the parking lot of the bar *after* he parked his car. *See id*. at 132-33. The jury found Sarnicky guilty of DUI-general impairment, DUI-highest rate of alcohol, and disorderly conduct.

The trial court imposed a sentence of one to two years' incarceration, to be followed by five years' probation. Sarnicky filed a timely notice of appeal. Both Sarnicky and the trial court complied with Pa.R.A.P. 1925.

Sarnicky raises the following issue for our review: "Whether the evidence was sufficient to prove that [Sarnicky] was under the influence of alcohol at the time he was in control of his vehicle and operating the vehicle rather than under the influence because of imbibing after he had finished driving[?]" Sarnicky's Brief at 4.

Sarnicky claims that the Commonwealth did not present sufficient evidence showing that he imbibed alcohol prior to driving, which is required to prove that he operated his vehicle under the influence of alcohol. A challenge to the sufficiency of the evidence "presents a pure question of law and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Santiago***, 294 A.3d 482, 485 (Pa. Super 2023).

As the trial court has aptly summarized the principles governing our standard of review and controlling case law, we need not do so here. ***See*** Trial Court Opinion, 5/13/24, at 4-5 (unpaginated) (explaining that: (1) a challenge to the sufficiency of evidence requires an assessment whether the evidence, in the light most favorable to the Commonwealth, establishes each material element of the crime charged beyond a reasonable doubt; (2) the Commonwealth may sustain its burden by proving the elements of the offense with evidence which is entirely circumstantial; (3) the trier of fact, who determines the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence; (4) this Court may not reweigh

the evidence and substitute its judgment for the factfinder; (5)pursuant to 75 Pa.C.S.A. § 3802(a)(1), a person is guilty of DUI-general impairment if he drove, operated, or was in actual physical control of a vehicle and had imbibed a sufficient amount of alcohol such that he was incapable of safely driving; and (6) under subsection 3802(c), a person is guilty of DUI-highest rate of alcohol if he additionally had a blood alcohol concentration of 0.16% or more within two hours after he drove, operated, or was in physical control of a vehicle).

Sarnicky argues that the Commonwealth did not present sufficient evidence to prove he was under the influence of alcohol while driving to support his DUI convictions. He claims that the evidence of his blood alcohol level did not show that he was under the influence **while** driving. He contends that the Commonwealth's evidence, "including lay witness testimony, was not so reliable at proving his operating the vehicle while under the influence, as to be acceptable in supporting the verdicts."[2] Sarnicky's Brief at 7.

_____

[2] On appeal, Sarnicky's argument that the Commonwealth's evidence, including lay testimony, was not "reliable" goes to the credibility of the witnesses and not the sufficiency of the evidence. **See Commonwealth v. Rayner**, 153 A.3d 1049, 1054 n.4 (Pa. Super. 2016) (explaining that a claim of speculative or conflicting testimony, or a claim goes to the weight of the evidence, not the sufficiency). However, elsewhere in his brief, Sarnicky cites his own trial testimony that "he drank a substantial amount of alcohol **after** driving his vehicle," but maintains that he is **not** raising a weight of the evidence claim. Sarnicky's Brief at 11.

*(Footnote Continued Next Page)*

- 4 -

In its May 13, 2024 opinion, the trial court aptly reviewed Sarnicky's

claim and determined that he was not entitled to any relief. The trial court

observed:

> [Sarnicky's] argument is that, consistent with his own testimony at trial, he did not imbibe alcohol prior to driving[.]. Rather, [Sarnicky] asserts that he drank alcohol after parking his vehicle in the [bar] parking lot.
>
> This version of the events was before the jury for its consideration, and the jury rejected [Sarnicky's] testimony in convicting him. It is undisputed that [Sarnicky] was involved in a motor vehicle accident while driving in the area of [the bar] onAugust 19, 2022. [Sarnicky's] version of the events was that he parked the vehicle, turned it off, and then drank several shots of [ninety-nine]-proof malt liquor before going into [the bar] and asking to be served more alcohol.
>
> [The] bartender] testified that she and the patrons heard [Sarnicky's] vehicle as it scraped or dragged metal or plastic while entering the parking lot. [Sarnicky] was only in the parking lot momentarily. [The bartender] testified that upon observing [Sarnicky] enter the pub, she promptly recognized that she could not serve him and instead began brewing coffee.
>
> [The bartender's] testimony was consistent with [the] expert testimony concerning [Sarnicky's] blood alcohol content. [The expert] testified it was not possible for [Sarnicky's] blood alcohol content to be .215[%]at the time at which it was tested if

_____

In any event, since Sarnicky raises the above claim — that the Commonwealth's evidence was not "reliable" — for the first time on appeal, he has waived it. *See* Pa.R.Crim.P. 607(A)(1)-(3) (providing that "[a] claim that the verdict was against the weight of the evidence *shall* be raised with the trial judge in a motion for a new trial . . . orally, on the record, at any time before sentencing" or by written motion before or after sentencing); *see also* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in the Rule 1925(b) statement are waived).

[Sarnicky] had only consumed the amount of alcohol he claimed to have imbibed while in the parking lot at [the bar].

Trial Court Opinion, 5/13/24, at 5-6 (unpaginated).

Thus, the trial court concluded: "Based on the foregoing, it was within the province of the jury to reject [Sarnicky's] version of the events in this case. The jury concluded that [Sarnicky] had consumed alcohol prior to driving his vehicle on August 19, 2022. The Commonwealth presented sufficient evidence to substantiate that determination." *Id*. at 6 (unpaginated) (citation omitted).

Viewing the evidence in a light most favorable to the Commonwealth, as verdict winner, and based on our review of the certified record, the briefs, and the relevant law, we conclude that the trial court correctly determined that the Commonwealth presented sufficient evidence to prove that Sarnicky operated his vehicle under the influence of alcohol. *See* Trial Court Opinion, 5/13/24, at 1-6 (unpaginated) (finding that the Commonwealth's evidence was sufficient to support the jury's convictions on both DUI-general impairment and DUI-highest rate of alcohol). We are satisfied the trial court comprehensively disposed of Sarnicky's sole issue on appeal, with appropriate references to the record, and without legal error. We thus affirm Sarnicky's judgment of sentence on the basis of the opinion of the Honorable Douglas G. Reichley, which we adopt in its entirety. *See id*.

In the event of further proceedings, the parties shall attach a copy of the trial court's May 13, 2024 opinion to all future filings of this memorandum.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/25/2025